JaSCHOTT, Chief Judge.
Plaintiffs have appealed from a dismissal of their suit against defendant on an exception of res judicata. We affirm.
In 1976 defendant expropriated two parcels of ground of which plaintiffs were co-owners. They contested the expropriation, including the defendant’s allegations that the property was being taken for the public purpose of a park. They eventually settled the *534 case, entered in a consent judgment, and accepted payment for the property.
In January 1994 plaintiffs filed suit for a declaratory judgment alleging that one of the parcels taken consisting of 69.39 acres has never been developed and was never applied to any public purpose with the result that the taking was unlawful and unconstitutional. Plaintiffs sought a declaration that, upon the return by them of the $36,540 paid for the parcel, they would be the owners of the parcel.
Defendant responded to the petition with exceptions including res judicata, no cause of action, and prescription. The trial court dismissed the suit on the basis of res judicata, reasoning that in answer to the expropriation suit plaintiffs specifically alleged that the taking was arbitrary and unnecessary for lathe public purpose alleged by defendant; this defense was compromised in the consent judgment; and the allegations in the declaratory judgment petition are the same as those previously raised and compromised by plaintiffs almost nineteen years previously. The trial court did not rule on the other exceptions.
Former LSA-C.C. art. 2286 set out the elements essential to the exception of res judicata. Although the article was redesig-nated as R.S. 13:4231 by Section 7 of Act 331 of 1984 and amended by act 521 of 1990, Section 5 of Act 521 provided that “[t]he preclusive affect and authority of a judgment rendered in an action filed before [January 1, 1991] shall be determined by the law in effect prior to January 1, 1991”. Consequently, former C.C. art. 2286 governs this case. It provides as follows:
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.
In both cases the thing demanded was ownership of the property, the demands were based upon the existence or not of a public purpose for the ownership of the property, and the parties are the same in every respect. In 1976 plaintiffs raised the issue of defendant’s purpose for the taking, they acknowledged through the consent judgment that the taking was lawful and constitutional and eighteen years later in the present proceedings they seek to relitigate the same issue. This is precisely what res judicata was designed to prevent.
In this court plaintiffs for the first time seek to classify their action as one of nullity based upon arguments of fraud and ill practice on the part of ^defendant when the expropriation suit was filed. Since this argument was never raised in the trial court, it will not be considered on appeal. Uniform Rules, Courts of Appeal, Rule 1-3.
Accordingly, the judgment appealed from is affirmed.

AFFIRMED.